## The town of Fitzwilliam *versus* The town of Troy.

The presumption is, until the contrary appears, that children, under the age of twenty-one years, remain unemancipated, and that children above that age are emancipated.

ASSUMPSIT, for the support of Betsey Fife, a pauper, alleged to have her settlement in the town of Troy. The cause was tried, on the general issue, at October Term, 1832, and a verdict returned for the plaintiffs, which was taken subject to the opinion of the court upon the following case.

The father of Benjamin Fife, the husband of the pauper, was settled in the town of Marlborough, as early as the year 1792, and continued to reside there until June 23, 1815, when the town of Troy was incorporated, and that part of Marlborough in which he had resided was included in the town of Troy. He thus became settled in Troy. But it did not appear where Benjamin Fife, the husband of the pauper, resided when Troy was incorporated.

*Chamberlain* and *Handerson*, for the plaintiffs.

*Edwards*, for the defendants.

*By the court.** The pauper has the settlement of her husband. The husband has the settlement of his father in Marlborough, unless he gained a settlement in Troy, when that town was incorporated.

When Troy was incorporated, Benjamin Fife was more than twenty-one years of age. The presumption is that children, under the age of twenty-one years, remain unemancipated; and that children above that age are emancipated, until the contrary appears. 3 N. H. Rep. 331, *Orford* v. *Rumney*.

It does not appear, then, that the husband has any

---

* PARKER, J. having been of Counsel did not sit.

settlement in Troy, derived from his father. Nor does <span style="float:right">Fitzwilliam<br>v.<br>Troy.</span> it appear that he was in a situation, when Troy was incorporated, to have his settlement transferred by law to that place.

The evidence, then, was insufficient to entitle the plaintiffs to a verdict, and there must be

<em>A new trial granted.</em>